IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN MATTHEW MONGER,

    Plaintiff,                    No. CIV S-07-1353 GEB DAD P

   vs.

JAMES TILTON, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. § 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___, , 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

1  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
2  plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421
3  (1969).
4        The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
10 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
11 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
12 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
13 omits to perform an act which he is legally required to do that causes the deprivation of which
14 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15        Moreover, supervisory personnel are generally not liable under § 1983 for the
16 actions of their employees under a theory of respondeat superior and, therefore, when a named
17 defendant holds a supervisorial position, the causal link between him and the claimed
18 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
19 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
20 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel
21 in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
22 Cir. 1982).

23        In the present case, plaintiff has named as defendants James Tilton, D.K. Sisto,
24 L.N. Flores, and C. Berry. Plaintiff alleges that on November 14, 2004, he sent a letter to the
25 California Department of Corrections' Office of Internal Affairs claiming that Correctional
26 Officer Berry had made unwanted sexual advances towards him.

Plaintiff alleges that in retaliation for writing this letter, on November 18, 2004, Correctional Officer Berry attempted to incite a group of inmates to inflict violence upon plaintiff.  The following day, Correctional Officer Berry called plaintiff into his office and told him that he was going to be unassigned from his job.  On November 25, 2004, plaintiff filed an inmate grievance, alleging that Officer Berry had engaged in staff misconduct.  Plaintiff requested an investigation and asked that Officer Berry be placed on unpaid administrative leave.

On November 30, 2004, plaintiff was unassigned from his culinary job assignment.  Plaintiff received a chrono from Lieutenant Flores stating he had been unassigned because of a pending disciplinary infraction authored by Officer Berry.  Plaintiff contends that the information in the chrono was false because at the time it had been generated there were no pending disciplinary infractions pending against plaintiff.  Plaintiff only received a disciplinary infraction after he submitted an inmate appeal.

Plaintiff alleges that the information Officer Berry relied on in support of his disciplinary report was false.  Nevertheless, the information was subsequently used to find plaintiff guilty at his disciplinary hearing.

Plaintiff concludes that the defendants are retaliating against him for filing inmate appeals in violation of his First Amendment and Fourteenth Amendment rights.  Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, costs of the suit, and any additional relief the court deems just, proper, and equitable.

The court finds that plaintiff has failed to allege facts suggesting a specific causal link between the supervisorial defendants he has named and the claimed constitutional violations. Plaintiff's complaint thus fails to state a cognizable claim against defendants James Tilton and D.K. Sisto.  The court has determined, however, that plaintiff's complaint states cognizable claims for relief against defendants C. Berry and L.N. Flores.  If the allegations of the complaint are proven against these defendants, plaintiff has a reasonable opportunity to prevail on the merits of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 24, 2007 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service of the complaint is appropriate for the following defendants: C. Berry and L.N. Flores.

4. The Clerk of the Court shall send plaintiff 2 USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed July 10, 2007.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Three copies of the endorsed complaint filed July 10, 2007.

6. Plaintiff shall not attempt to effect service of the complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: September 21, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mong1353.1a

1
2
3
4
5
6
7

8                        IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN MATTHEW MONGER,

11           Plaintiff,                    No. CIV S-07-1353 GEB DAD P

12       vs.

13   JAMES TILTON, et al.,                 <u>NOTICE OF SUBMISSION</u>

14           Defendants.                   <u>OF DOCUMENTS</u>

15   _____/

16           Plaintiff hereby submits the following documents in compliance with the court's

17   order filed _____:

18           _____ <u>one</u> completed summons form;

19           _____ <u>two</u> completed USM-285 forms; and

20           _____ <u>three</u> true and exact copies of the complaint filed July 10, 2007.

21   DATED: _____.

22
23
                                            _____
                                            Plaintiff
24
25
26