1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

**\* \* \***

STEVEN MATTHEW MONGER,     )         CIV-S-07-1353-RLH-VPC
                             )
           Plaintiff,     )           **O R D E R**
                             )
     vs.              )    (Motion for Summary Judgment–#48)
                             )
TILTON, et al.,             )
                             )
          Defendants.     )
_____)

        Before the Court is Defendant C. Berry and L. Flores' **Motion for Summary Judgment** (#48), filed September 18, 2009.  The Court has also considered Plaintiff Steven Monger's Opposition (#54), filed December 2, 2009, and Defendants' Reply (#57), filed December 11, 2009.

## BACKGROUND

        Plaintiff Steven Monger, who is proceeding pro se, is currently incarcerated in the Solano State Prison in California.  Sometime before November 2004, Monger filed a grievance with the California Department of Corrections alleging that Defendant C. Berry sexually harassed him while he was working in the kitchen at Solano.

On November 18, 2004, after he had filed the grievance, Monger was working in the prison dining hall under Berry's supervision. While engaged in his employment duties, Monger noticed a food cart with four or five lunches on it. These lunches had been set aside for inmates who ate only kosher food. Monger claims he thought the lunches would not be consumed that day, so he placed them in the dining hall utility closet to keep other inmates from stealing them. Later that morning, an inmate who ate kosher food approached Berry in the dining hall and told him that his meal was missing. Berry and the inmate proceeded to search for the missing lunches and found them in the utility closet. Apparently, Berry knew Monger was the only inmate who could have placed these lunches in the closet. When Berry approached Monger, he admitted to placing the meals in the utility closet, but claimed he did so because he thought they were leftover lunches.

Berry claims he did not believe Monger because all Monger had to do was go into the next room to ask someone whether the lunches were going to be served that day. Berry subsequently wrote a Rules Violation Report ("RVR"), which is standard prison procedure when an officer believes an inmate has committed theft, and forwarded it to Monger's correctional counselor. The report was eventually sent to Defendant L. Flores, the assignment lieutenant at the prison. After reviewing the RVR, Flores exercised his discretion and removed Monger from his kitchen employment pending a final decision on the RVR.

Berry has submitted an affidavit in which he asserts he did not know of Monger's sexual harassment complaint when he submitted the RVR. Flores likewise testifies that he had no knowledge of Monger's allegations when he temporarily suspended his kitchen employment. In an affidavit also submitted to this Court, however, Monger testifies that Flores later told him that Berry had informed Flores that he knew of Monger's complaint when he wrote the RVR.

At Monger's RVR hearing, Sergeant A. Scotland, the hearing officer, found Monger guilty of stealing prison food. Neither Berry nor Flores participated in the hearing and neither Defendant had authority to find Monger guilty of this offense. After being found guilty,

AO 72
(Rev. 8/82)

1    Monger appeared before the Unit Classification Committee.  Based on Sergeant Scotland's

2    findings, the Committee permanently removed Monger from his employment position in the

3    kitchen and assigned him to work in the laundry room.

4            On July 7, 2007, Monger filed suit in federal court in the Eastern District of

5    California alleging a 42 U.S.C. § 1983 claim for violations of the First and Fourteenth

6    Amendment.  In this lawsuit, Monger named as Defendants James Tilton (Director of the

7    California Department of Corrections), D. K. Sisto (the Warden of the Solano State Prison), and

8    Officers Berry and Flores.  On September 18, 2009, Berry and Flores moved for summary

9    judgment on Monger's Complaint.  For the reasons discussed below, the Court grants this Motion.

10                                    **DISCUSSION**

11   **I.      Summary Judgment**

12           A court will grant summary judgment if "the pleadings, the discovery and

13   disclosure materials on file, and any affidavits show there is no genuine issue as to any material

14   fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  An

15   issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could

16   find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit

17   under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).  In

18   evaluating a motion, a court views all facts and draws all inferences in the light most favorable to

19   the nonmoving party.  *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).

20           The movant bears the burden of showing that there are no genuine issues of

21   material fact.  *Id.*  "In order to carry its burden of production, the moving party must either produce

22   evidence negating an essential element of the nonmoving party's claim or defense or show that the

23   nonmoving party does not have enough evidence of an essential element to carry its ultimate

24   burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102

25   (9th Cir. 2000).  Once the movant satisfies the requirements of Rule 56, the burden shifts to the

26   party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial."

AO 72
(Rev. 8/82)

1   *Anderson*, 477 U.S. at 256; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The nonmoving

2   party "may not rely on denials in the pleadings but must produce specific evidence, through

3   affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps.,*

4   *Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some

5   metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S.

6   574, 586 (1986).

7           The Court also notes the well-established rule that *pro se* complaints are subject to

8   "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally

9   construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). This is particularly true

10  in civil rights cases.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988)

11  (holding that courts must afford pro se plaintiffs "the benefit of any doubt").

12  **II.      First Amendment**

13          Monger alleges Berry and Flores violated his First Amendment rights by retaliating

14  against him for filing a sexual harassment complaint against Berry.  Prisoners retain a First

15  Amendment right to petition the government through the prison grievance system.  *See Bradley v.*

16  *Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995).  Within this context, an inmate has a viable First

17  Amendment retaliation claim if he can show (1) a state official took adverse action against him (2)

18  because of the prisoner's protected conduct; (3) the action chilled the inmate's exercise of his First

19  Amendment rights; and (4) the action did not reasonably advance a legitimate correctional goal.

20  *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2000).

21          In light of the undisputed facts in this case, the Court concludes that Berry and

22  Flores are entitled to summary judgment on Monger's First Amendment claim.  Although Monger

23  has brought forth sufficient evidence to show a factual dispute regarding whether Berry and Flores

24  retaliated against him because of his harassment complaint, Monger has not shown that being

25  reassigned to the laundry room did not reasonably advance a legitimate penological goal.  First,

26  Monger concedes that he put the lunches in the utility closet: his only defense is that he did so to

4

keep other inmates from taking the food.  After listening to his side of the story, prison officials ultimately found him guilty of stealing.  In the Court's view, this fact weighs in favor of finding that Monger's punishment served a legitimate penological purpose.  More important, however, is the fact that none of the Defendants in this case were involved in the decision to permanently remove Monger from his kitchen employment.  This decision was made by Sergeant Scotland and the Unit Classification Committee.  Given these undisputed facts—that Monger admits taking the lunches and that non-Defendant prison officials found Monger guilty—the Court finds there is no genuine issue of material fact regarding whether Monger's punishment served a legitimate penological purpose.  Accordingly, the Court grants Berry and Flores' Motion for Summary Judgment on this claim.

**III.    Fourteenth Amendment**

Monger also brings a Fourteenth Amendment due process against Defendants. Under the Fourteenth Amendment, individuals are entitled to procedural due process before a state may deprive them of a liberty or property interest.  *Wolff v. McDonnell*, 418 U.S. 539, 557–58 (1974).  Although the due process clause does apply to inmates, they are not entitled to the same protections as other citizens.  *Sandin v. Conner*, 515 U.S. 472, 484 (1995)*.*  An inmate's liberty and property interests are "generally limited to freedom from [deprivations that] impose . . . atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Id.*  Thus, prior to suffering an "atypical and significant hardship," inmates are entitled to (1) advance written notice of an alleged misdeed; and (2) a written statement as to the factual basis for the disciplinary action.  *Wolff*, 418 U.S. at 563.

The Court finds Berry and Flores are entitled to summary judgment because Monger has not stated any facts that give rise to a viable Fourteenth Amendment claim.  Even if removing Monger from his kitchen employment amounts to a significant and atypical hardship, Monger does not contest the fact that he was given proper notice of the charges against him and that a formal hearing was held regarding the charges.  Thus, Monger has no basis upon which to

AO 72
(Rev. 8/82)

1   claim Defendants violated his due process rights.  In so holding, the Court is aware Monger also

2   alleges in his Complaint that he was "exposed to numerous hazardous conditions which could

3   result in death at his prison job assignment" and that Officer Berry attempted to "incite and

4   inflame a large group of inmates to inflict violence upon [him]."  (Dkt. #1, Compl. ¶¶ 10–11.)

5   These allegations, however, are not sufficient to survive Defendants' Motion for Summary

6   Judgment for two reasons.  First, Monger's allegations regarding a dangerous work environment

7   and Berry's attempts to harm him, while they may be sufficient under other legal theories, do not

8   adequately state a claim within the notice and opportunity-to-be-heard context of the due process

9   clause of Fourteenth Amendment.  Second, even if such allegations were actionable under the

10  Fourteenth (or even First) Amendment, Monger has offered absolutely no documentary or

11  testimonial evidence to support these factual assertions.  For these reasons, the Court grants

12  Defendants' Motion for Summary Judgment on Monger's Fourteenth Amendment claim.

13  **IV.    James Tilton and D. K. Sisto**

14          James Tilton, the Director of the California Department of Corrections, and D.K.

15  Sisto, the warden of the Solano State Prison, have not been served process in this case.

16  Consequently, they did not join Berry and Flores' Motion for Summary Judgment.  Although Rule

17  4(m) of the Federal Rules of Civil Procedure provides a means whereby the Court can dismiss

18  unserved defendants if the plaintiff fails cure a defect in service, the Court will not proceed under

19  that Rule.  Instead, the Court dismisses Tilton and Sisto because Monger's claims against them fail

20  as a matter of law.  Monger names Tilton and Sisto in his lawsuit because they are "responsible for

21  the operations" of the Solano State Prison and the California Department of Corrections.  (Dkt. #1,

22  Compl. ¶¶ 4-5.)  Presumably, Monger is alleging claims relating to Tilton and Sisto's

23  implementation of policies that led to Monger's injuries or their failure to adequately train their

24  employees.  Either way, because Monger's underlying claims against Berry and Flores for

25  violation of the First and Fourteenth Amendments do not survive summary judgment, these same

26  /

AO 72
(Rev. 8/82)

1   claims against the supervisory defendants also fail as a matter of law.  Accordingly, the Court

2   dismisses Tilton and Sisto from this case.

3                                               **CONCLUSION**

4                   Accordingly, and for good cause appearing,

5                   IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#48)

6   is GRANTED.

7                   The Court dismisses all Defendants from this case and orders the Clerk of the Court

8   to close this case.

9                   Dated: March 5, 2010.

10

11                                                     _____

12                                                     **ROGER L. HUNT**
                                                       **Chief United States District Judge**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AO 72
(Rev. 8/82)